IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re:

Jay P. Clark,

                              Debtor.

Bk. Case No. 12-00649-TLM

---

JAY P. CLARK,

                Appellant,

vs.

MURPHY LAND COMPANY,

                Appellee.

**MEMORANDUM DECISION
AND ORDER**

Case No.  1:14-cv-00502-EJL

---

Pending before the Court in the above-entitled matter is an appeal by Debtor

Jay P. Clark regarding the Bankruptcy Court's Order Granting Motion to Strike and

Overruling Objection to Claim (Dkt. 565) which was entered on November 4, 2014. The

Notice of Appeal was timely filed on November 19, 2014 (Dkt. 1). Having fully reviewed

the record, the Court finds that the facts and legal arguments are adequately presented in

the briefs and record.  Accordingly, in the interest of avoiding further delay, and because

the Court conclusively finds that the decisional process would not be significantly aided

by oral argument, this matter shall be decided on the record before this Court without oral

argument.

MEMORANDUM DECISION AND ORDER - 1

## JURISDICTION

This Court has jurisdiction to resolve this appeal pursuant to 28 U.S.C. § 158(a) and Fed. R. Bank. P. 8013.


## FACTUAL BACKGROUND

Debtor filed his voluntary petition for Chapter 12 bankruptcy on March 27, 2012. The bankruptcy was later converted to a Chapter 7 proceeding.  On October 10, 2013, Murphy Land Company filed its Amended Claim in the amount of $3,618,534.79. Debtor filed a pro se Objection to the claim pursuant to § 502 on October 21, 2013.  While Clark appeared pro se, the Bankruptcy Court noted he was a trained, licensed and practicing attorney until his suspension from the bar, so Debtor was familiar with the procedural and legal requirements for his objection.

 The Bankruptcy Court held a hearing on Debtor's Objection on December 9, 2013. The Bankruptcy Court noted that pursuant to Rule 3001(f) the filing of the claim by Murphy Land was prima facie evidence of the validity of the claim and once an objection was filed by Debtor under § 502, the claim remains sufficient absent evidence of the claim's invalidity. The Court continued that the burden of proof was on the objector to produce evidence sufficient to rebut the presumption of validity and that evidence must be presented a ta hearing from the witness stand with competent evidence submitted and

admitted by the Court under the Federal Rules of Evidence. Declarations or affidavits only suffice if the parties stipulate to them.

Debtor failed to submit *any* competent evidence under the Federal Rules of Evidence to rebut the presumption of validity of Murphy Land's claim. The affidavits were not stipulated to by the parties and could not be considered to satisfy Debtor's burden to produce evidence. Therefore, the Bankruptcy Court overruled the Objection. The Bankruptcy Court's ruling was not appealed.

On June 16, 2014, Debtor, this time through counsel, filed a second Objection to Murphy Land's Proof of Claim. Murphy Land responded on July 16, 2014. Debtor noticed a hearing on the Second Objection. Murphy Land moved to vacate the hearing, strike the Second Objection and, in the alternative, for Summary Judgment on the Second Objection. Counsel agreed to vacate Debtor's evidentiary hearing. Three days later, Debtor filed an Amended Second Objection and Murphy Land moved to strike the Amended Second Objection.

The Bankruptcy Court heard argument on October 28, 2014 on Murphy Land's Motions to Strike and for Summary Judgment and Debtor's Second Objection and Amended Second Objection. On November 3, 2014, the Bankruptcy Court orally granted Murphy Land's motions to strike and overruled Debtor's Second Objection and Amended Second Objection. A written order was entered by the Bankruptcy Court on November 4, 2014.

MEMORANDUM DECISION AND ORDER - 3

Debtor claims the Bankruptcy Court has improperly terminated Debtor's rights to an evidentiary hearing or otherwise object to Murphy Land's proof of claim.

This Court notes that approximately $3,000,000 of the claim appears to have been resolved in July 2015 by the Idaho Supreme Court's ruling in *Hilliard v. Murphy Land Company*, 351 P.3d 1195 (Idaho 2015) as Murphy Land's counsel repeated represented to the Bankruptcy Court that should the Idaho Supreme Court uphold the trial court's award of damages, the claim would be reduced by the amount recovered from the Hilliards. At the time the Bankruptcy Court ruled in December 2013, the state court trial between the Hilliards and Murphy Land had not been resolved and the Bankruptcy Court declined to adjust the claim since the state court judgment was not final. At the time the Bankruptcy Court ruled in November of 2014, the state district court judgment entered on March 14, 2014 was on appeal and was not final. This Court assumes Murphy Land will or has moved to amend their proof of claim and/or the Trustee will seek to have the claim amended pursuant to the representations of counsel for Murphy Land. The Idaho Supreme Court ruling does not affect this Court's analysis on the pending appeal, but does shed some light on one of the reasons the Bankruptcy Court overruled the Objection in December 2013.

**ANALYSIS**

For purposes of this appeal, "[t]he bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code are reviewed de novo and its factual findings for

MEMORANDUM DECISION AND ORDER - 4

clear error." *In re Green*, 583 F.3d 614, 618 (9th cir. 2009). This Court "must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *Id.* The Bankruptcy's Court's decision on a motion for reconsideration of its order is reviewed for an abuse of discretion. *Hammer v. Drago (In re Hammer)*, 112 B.R. 341, 345 (9th Cir. B.A.P. 1990), *aff'd*, 940 F.2d 524 (9th Cir. 1991).

    1. <u>December 9, 2013 Hearing and Order</u>

Debtor argues he was not given an evidentiary hearing and his Objection was overruled on technicalities. The Court respectfully disagrees. Debtor, as a trained attorney, knew or should have known the procedural and legal requirements for his Objection and appealing or seeking reconsideration of the Order overruling the Objection. Moreover, pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The record in this matter is clear. Debtor was granted an evidentiary hearing on his Objection on December 9, 2013. Debtor had an opportunity to present evidence and failed to provide any competent evidence at the hearing on the Objection to rebut the presumption of the validity of Murphy Land's proof of claim. Debtor also failed to comply with Rule 3007.1 of the Local Rules to indicate his intent to present evidence and disclose such evidence. Moreover, Debtor knew or should have known that affidavits are an insufficient form of evidence for purposes of a hearing on an objection unless

MEMORANDUM DECISION AND ORDER - 5

stipulated to by the parties and there was no such stipulation in this case. *In re Caviata Attached Homes, LLC,* 481 B.R. 34, 44 (9th Cir. B.A. P. 2012); B.R. 9014. Because Debtor did not provide any evidence, he did not carry his burden to rebut the presumption of validity of the claim and the Bankruptcy Court properly overruled the Objection. *In re Pugh*, 157 B.R. 898. 901 (B.A.P. 9th Cir. 1993).

The Bankruptcy Court's Order of December 9, 2013 overruling the Objection was a final order. *See In re Garner*, 246 B.R. 617, 619 (9th Cir. B.A.P. 2000).  Debtor did not appeal the final order or file a timely motion for reconsideration with the Bankruptcy Court prior to the expiration of the appeal period.


2. Second Objection and Amended Second Objection

Debtor filed a Second Objection and an Amended Second Objection months later. In viewing the Second Objection and the Amended Second Objection leniently and in favor of Debtor, the Bankruptcy Court deemed the Second Objection and Amended Second Objection as a motion for reconsideration of its December 9, 2013 final order.

The Court understands the claim and disputes between the parties have gone on for years, but challenging claims in court requires that parties comply with the applicable rules of evidence and procedure. Without compliance with the rules, a court's hands are tied. As Justice Jones' recognized in his concurring opinion in *Hilliard v. Murphy Land Company*, 351 P.3d 1195, 1203 (Idaho 2015):


MEMORANDUM DECISION AND ORDER - 6

> The loss claimed by Murphy Land Company, exceeding $3 million, certainly appears to be excessive. Had the Hilliards' case been adequately presented in the district court and upon appeal, they may have come out substantially better. Unfortunately, the court can only act upon the evidence competently presented and are not in a position to rescue litigants from cases that are inadequately prepared and conducted.

The same can be said of Debtor's actions regarding his Objection, his Second Objection and his Amended Second Objection in this case. Failing to comply with legal requirements and deadlines for motions and/or appeals forces this Court to affirm the Bankruptcy Court's rulings.

Debtor's argument that the Bankruptcy Court improperly failed to consider the material change in circumstances that occurred after the December 9, 2013 ruling misstates the legal question presented to the Bankruptcy Court. When Debtor filed his Second Objection and Amended Second Objection, the Bankruptcy Court construed the Second Objection and Amended Second Objection as a motion for reconsideration of the December 9, 2013 Order under 11 U.S.C. § 502(j) which provides that a claim that has been allowed or disallowed may be reconsidered for cause.  The Bankruptcy Court properly determined that Debtor had again not carried his burden (this time with the aid of counsel) to establish good cause for reconsideration.

The law is well-settled and the Bankruptcy Court properly applied Fed. R. Civ. P. 60(b) to determine whether good cause existed to reconsider the allowed claim. "When reconsideration under Rule 3008 is sought after the 10 day appeal period has expired, the motion is subject to the constraints of FRCP 60(b) as incorporated by Rule 9024." *In re*

MEMORANDUM DECISION AND ORDER - 7

*Wylie*, 349 B. R. 204, 209 (B.A.P. 9th Cir. 2006). "While Rule 3008 permits an order [allowing] a claim to be reconsidered, the merits of the claim objection are no longer fair game unless the claimant established a good excuse, cognizable under Fed. R. Civ. P. 60(b) for its failure to timely contest the [order]." *Id.*

Simply put, in this case the Bankruptcy Court could not reach the merits of Debtor's new arguments regarding the Amended Second Objection as the request for reconsideration was filed *after* to the expiration of the appeal period so the motion for reconsideration was subject to the constraints of Rule 60(b). Rule 60(b) "generally require[s] a showing that events subsequent to the entry of judgment [or a final order] make its enforcement unfair or inappropriate, or that the party was deprived of a fair opportunity to appear and be heard in connection with the underlying dispute." *Id.* Appellant has failed to set forth facts or valid legal arguments that would allow for reconsideration of the December 9, 2013 Order.

This Court finds no abuse of discretion or clear error by the Bankruptcy Court in determining that Debtor failed to carry his burden at the December 9, 2013 hearing wherein the Bankruptcy Court entered the Order overruling the Objection. Nor was there abuse of discretion or clear error by the Bankruptcy Court in its analysis regarding a motion for reconsideration.

The collateral estoppel argument of Debtor is unpersuasive as this Court finds Debtor had an opportunity to fully and fairly litigate the original Objection. The fact that Debtor elected not to provide any competent evidence at the December 9, 2013 hearing

MEMORANDUM DECISION AND ORDER - 8

does not equate to the Debtor not having had an opportunity to fully and fairly litigate his objection.

The Debtor once again failed to carry his burden and provide the Bankruptcy Court with a proper legal basis pursuant to the constraints of Rule 60(b) that would allow the Bankruptcy Court to be able to grant a motion for reconsideration. Debtor did not show other reasons such as a manifest legal error by the Bankruptcy Court in its December 9, 2013 ruling or other equitable reasons to justify reconsideration. The alleged "subsequent events" argued by Debtor were not subsequent events that created good cause for reconsideration.

Clearly, the state court case between the Hilliards and Murphy Land was still not a proper basis to grant reconsideration since the matter was on appeal in November 2014 and the representations of Murphy Land's counsel eliminated the need for the Bankruptcy Court to make any finding regarding a potential credit for any award under the state court case in the future. Again, Debtor provided no new evidence regarding the claim. Instead Debtor merely attempted to argue the merits of the Amended Second Objection instead of the merits of the motion for reconsideration. The Court disagrees with Debtor that the merits of the Second Amended Objection are within the constraints of proper reasons for reconsideration under Rule 60(b) or were new arguments. This Court also finds the Bankruptcy Court properly determined the compromise between Murphy Land and the Chapter 7 Trustee did not prohibit Murphy Land's proof of claim.

MEMORANDUM DECISION AND ORDER - 9

For these reasons, this Court finds under the facts of this case, no abuse of discretion or clear error by the Bankruptcy Court in its determination Debtor had failed to provide a valid reason pursuant to Rule 60(b) to allow reconsideration of the Order overruling the Objection.  Therefore, the Bankruptcy Court was without legal authority to consider the merits of the Second Objection and the Amended Second Objection.

The November 4, 2014 Order of the Bankruptcy Court is **AFFIRMED**. Appellee is entitled to reasonable attorneys fees and costs on appeal.

So Ordered.

DATED:  **September 22, 2015**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER - 10